[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS:
On September 11, 1989, the Wallingford Planning and Zoning Commission, pursuant to Conn. General Statutes 8-6(3), amended its zoning regulations to restrict the power of the Wallingford Zoning Board of Appeals in granting use variances within the town. The Board of Appeals appealed that decision to the Superior Court. Thereafter, on March 12, 1990, the Wallingford Planning and Zoning Commission further amended the regulations which were the subject matter of the pending appeal by the Zoning Board of Appeals. On the basis of the amendment of Sec. 9.1.H.2 of the Wallingford Zoning Regulations, the first appeal was dismissed as moot. Thereafter the Zoning Board of Appeals filed this appeal from the adoption of the amended Sec. 9.1.H.2.
STATUTES AND REGULATIONS:
The power of local zoning boards of appeals are delineated in Conn. General Statutes 8-6, and specifically within 8-6(3) it is provided "that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed." It is under this section that the defendant commission adopted the current version of Wallingford Zoning Regulation 9.1.H.2(c) which reads as follows:
 "Notwithstanding the provisions of the preceding, the Zoning Board of Appeals may grant a use variance in any zone upon a showing by the applicant that he cannot CT Page 859 reasonably use his property for any of the uses permitted in the zone in which his property is located and that denial of the variance under such circumstances would constitute a constitutional taking of the property without compensation as such taking is defined by the laws of the State of Connecticut and the United States."
The preceding Sec. 9.1.H.2(b) essentially precluded the Zoning Board of Appeals from granting any use variance within certain specified zones listed therein. The net effect of the two sections read together is that the Zoning Board of Appeals could not grant a variance in the zones included in Sec. 9.1.H.2(b), unless the failure to grant it would amount to an unconstitutional taking of the applicant's property without just compensation.
LAW:
The defendants argue that the plaintiffs have no standing to take the appeal and alternatively that the zoning regulation in question is a valid exercise of their power under Conn. General Statutes 8-6(3). There is apparently no dispute concerning the motive for the new regulation which was designed to curtail what the defendant commission regarded as a too generous policy of the Zoning Board of Appeals in granting variances.
The plaintiffs' claim that the new regulation is a complete and wholesale destruction of their power to grant variances for unusual hardship or exceptional difficulty and this court agrees. The defendant commission's brief concedes that the regulations may not in a blanket prohibition, preclude the board of appeals from granting variances, but argues that its regulation does not do that because it allows for variances when the failure to grant it would amount to an unconstitutional taking.
The court will first address the claim of lack of aggrievement raised by the defendant. Both parties to this case cite the case oe of Board of Zoning Appeals v. Town Planning and Zoning Commission of Hamden, (No. CV 81-195250 S), Superior Court, J.D. of New Haven, January 29, 1982, in support of their respective positions in this case. That opinion of Bogdanski, State Trial Referee, is attached to and made a part of this opinion. In that case a similar claim of a lack of aggrievement on the part of the plaintiff, the Zoning Board of Appeals and its members, challenging a zoning regulation adopted under Conn. General Statutes 8-6(3), was made and denied. For all of the reasons contained in that opinion, the court finds the plaintiffs herein are aggrieved parties who have the right to appeal the adoption of Sec. 9.1.H.2. CT Page 860
The plaintiffs claim that the defendants, by their adoption of Zoning Regulation Sec. 9.1.H.2(b), (c) and (d), eliminated rather than limited the plaintiff board's power to grant use variances for exceptional difficulty or unusual hardship. Again both sides quote Bogdanski, State Trial Referee, in the Hamden case when he stated:
 "The Legislature in modifying Sec. 8-6 (now 8-6(3)) and granting the power to specify the extent to which the power to modify by variance could be limited did not intend a wholesale destruction of that power. Rather it contemplated the continued power of the board of appeals to vary uses because of unusual difficulties and unnecessary hardship, subject, however, to regulating control."
The issue, therefore, is whether the amendment in question, because it permits the grant of a variance only in cases where the refusal to grant it would result in an unconstitutional taking, is such a wholesale destruction of the board of appeals' right to grant variances. This court believes that it is.
Apparently under the new Zoning Regulation Sec. 9.1.H.2(b), no variance would be permitted in any residential, commercial, industrial, rural, interchange or design district within the town unless the failure to grant the exception would amount to an unconstitutional taking of the applicant's property under Sec. 9.1.H.2(c). That type of regulation comes far closer to the wholesale destruction of the powers of the zoning board of appeals mentioned by Judge Bogdanski, than any legitimate regulation or limitation of the powers of the zoning board of appeals contemplated under Conn. General Statutes 8-6(3).
In support of this conclusion, the court quotes the remarks of Linda Bush, Town Planner, at the meeting of the Planning and Zoning Commission of March 12, 1990, when this regulation was adopted. (Supplement to Return of Record, May 7, 1990).
 "It will probably be a much more rapid decision only because you are not going to be able to prove a constitutional taking of property. It is highly unlikely in Wallingford that anyone could ever prove. That is very difficult to prove. So that, we would almost guarantee ourselves that, if we did, if they grant a use variance and use that loophole, and we appealed, they would lose. Because it is going to be impossible to approve (sic — prove) a CT Page 861 constitutional taking."
The present regulation completely eviscerates the power of the plaintiff from granting variances under the commonly understood criteria set forth within Conn. General Statutes 8-6
and substitutes the concept of unconstitutional taking for exceptional difficulty or unusual hardship. That the defendant may not do. Board of Zoning Appeals v. Town Plan and Zoning Commission of Hamden, supra.
In enacting the instant amendment to Sec. 9.1.H.2, the defendants acted beyond their power. That amendment is declared invalid and unlawful, and the appeal is sustained.
JOSEPH T. GORMLEY, JUDGE